UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. PAOLONE, et al, | ) | CASE NO. 4:12cv1344 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THOMAS ALTIERE, | ) | AND ORDER |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

*Pro se* Plaintiffs Michael L. Paolone, Paul S. Bidwell, Scott Egbent, Charles M. Bland, Rick Calderwood, Joseph Peterson, Justin F. Moore, Douglas R. Wright, John D. Lanam, Jr., Charles C. Wens, Charles Parisi, Sr., Derrick L. Cobb, and Terry L. Warner (collectively as "Plaintiffs") filed this action under 42 U.S.C. § 1983 against Trumbull County Sheriff, Thomas Altiere ("Defendant"). The Complaint alleges the law library at the Trumbull County Jail is inadequate and that Plaintiffs' access to the grievance process is thereby restricted. Plaintiffs seek injunctive and monetary relief.

I.  BACKGROUND

Plaintiffs indicate they are pretrial detainees at the Trumbull County Jail. They allege the jail does not provide legal research materials, self-help manuals, state or federal forms, criminal procedure handbooks, state or federal reporters, bulk envelopes, bulk mailings, copy services, accounting assistance for proceeding *in forma pauperis*, pens, indigent bulk postage, or assistants trained in the law. They claim Defendant's failure to provide these materials has denied them "complete and total lack of access to the court and redress of grievance of which is

causing and continues to cause irreparable harm to their current legal matters pending in courts and harm to future attempts to correct these deficiencies and injuries in reviewing courts." (Doc. No. 1 at 2.)

In addition, Plaintiffs allege that Defendant has denied them access to grievance forms. Plaintiffs indicate that they cannot use the grievance system unless a corrections officer approves the grievance issue and provides the prisoner with a form. They claim this has prevented them from filing grievances pertaining to deliberate indifference to serious medical needs, the lack of policies and procedures, grievance restrictions, safety and security concerns, Americans with Disabilities Act compliance, mental health needs and correction officer misconduct. They contend that Defendant instructs the corrections officers to reject forms, letters or other documents that are not submitted through the proper channels.

## II. STANDARD OF REVIEW

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it

lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiffs are not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to Plaintiffs. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

#### A. Access to the Courts

Plaintiffs first contend that Defendant has denied them access to the courts because the jail has no legal materials or legal assistants. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). To establish a violation of this right, the claimant must demonstrate an "actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). The injury requirement must relate to the rejection of a non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis*, 518 U.S. at 354. "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Id.* at 355.

Absent the existence of an underlying legal action, a plaintiff cannot have

suffered injury by being shut out of court and cannot claim a denial of the right of access. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiffs must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In other words, each plaintiff must demonstrate an "actual injury" by showing that his underlying claim in another action was non-frivolous, and that Defendant frustrated or impeded that cause of action. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint . . . ." *Christopher*, 536 U.S. at 415.

Here, Plaintiffs do not allege that any of them have suffered a specific injury to an underlying cause of action. They assert only in general terms that the law library in the prison is inadequate. Simply adding the phrase "complete and total" to describe the inadequacy is not sufficient to state a claim. Each plaintiff must go one-step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his specific efforts to pursue a legal claim in an underlying action. *Lewis*, 518 U.S. at 353. Plaintiffs have not alleged that Defendant prevented any of them from pursuing a particular non-frivolous action and, therefore, their claims for denial of access to the court must be dismissed.

### B. Access to the Grievance Procedure

Plaintiffs also claim that Defendant is denying them effective access to the grievance process in violation of the First and Sixth Amendments and the Equal Protection Clause of the Fourteenth Amendment. As an initial matter, there is no constitutionally protected right to unfettered access to prison grievance procedures. *See*, *Walker v. Mich. Dept. of Corr.*, No. 04-1347, 2005 WL 742743, at *3 (6th Cir. April 1, 2005); *see also, Antonelli v. Sheahan*, 81

4

F.3d 1422, 1430 (7th Cir.1 996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Consequently, denying access to a grievance process, in itself, is not a constitutional violation. Plaintiffs appear to allege that they not only have a constitutional right to use a grievance procedure, but that by denying them access to grievances, Defendant is impinging on their exercise of other constitutional rights. These claims are without merit.

### 1. First Amendment

Plaintiffs do not explain the basis for their First Amendment claim. To the extent they are asserting Defendant's limitation or screening of grievances deprives them of the ability to redress the government, their claim fails. Placing inmates on modified access to the grievance system does not impinge upon a prisoner's ability to file either meritorious grievances or actions in federal court. *Walker*, No. 04-1347, 2005 WL 742743, at *3-4. First, the fact that Plaintiffs' grievances must first be screened by a corrections officer prior to their consideration in the normal grievance process does not necessarily mean they are unable to file non-frivolous grievances, or that these grievances will be inappropriately denied. *Id.* Moreover, if an officer improperly dismisses a non-frivolous grievance, nothing prevents the grievant from petitioning a court for redress. Simply subjecting a grievance to review prior to filing, alone, does not automatically imply that Defendant is impeding Plaintiffs' ability to file non-frivolous grievances.

To the extent that Plaintiffs are asserting that, because of the modified access process, they are unable to exhaust their administrative remedies, and thus are unable to file a claim in federal court, the claim is also without merit. If a corrections officer dismisses a non-

5

frivolous grievance by one of the plaintiffs, that plaintiff could appeal that decision. When a plaintiff has no other remedies available to him to exhaust his grievance, a district court would then be able to hear a related federal claim, since all possible administrative remedies would have been attempted. *Id.*; *see, e.g.*, *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) (holding that the MDOC's modified grievance status does not in any way impinge upon a plaintiff's First Amendment right to access to courts); *see also*, 42 U.S.C. § 1997e(a) (requiring only exhaustion of available administrative remedies). A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal. Accordingly, this claim also must also fail.

    2. *Sixth Amendment*

    Plaintiffs next contend that having limited access to the grievance system violates the Sixth Amendment. They do not explain this claim. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy trial and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI. None of the guarantees of the Sixth Amendment appear to apply to the allegations in Plaintiffs' complaint.

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. Where a claim is stated only as a legal conclusion, it will not meet this pleading standard. *Id.* Because Plaintiffs' claim under the Sixth Amendment has no explanation and no

6

obvious applicability to the jail's grievance system, it fails to meet the basic pleading standard of Rule 8(a)(2).

### 3. Fourteenth Amendment Equal Protection Clause

Finally, Plaintiffs claim that the limited grievance process denies them equal protection. The Equal Protection Clause prohibits discrimination by government actors that burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

Here, Plaintiffs do not allege that Defendant treated them differently than other inmates in the jail. While they object to some of the practices and conditions in the jail, they do not indicate that Defendant singled them out for different treatment. Without disparate treatment, Plaintiffs cannot state a claim for denial of Equal Protection.

## IV.     CONCLUSION

For all the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: November 8, 2012

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."